UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

HERSHEL EDWARDS,
    Plaintiff,

v.                                                   Case No.: 5:23cv184/ZCB

MARTIN O'MALLEY,
Commissioner of Social Security,
    Defendant.[1]
_____/

## **ORDER**

This is a Social Security appeal filed under 42 U.S.C. § 405(g). Plaintiff Hershel Edwards seeks judicial review of the Social Security Commissioner's decision denying him disability benefits. As explained below, this matter is remanded to the Commissioner.

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. *See* "Commissioner," Social Security, https://www.ssa.gov/agency/commissioner/ (last visited August 29, 2024). Under Federal Rule of Civil Procedure 25(d), Mr. O'Malley is substituted for the former Acting Commissioner, Kilolo Kijakazi.

## I. Procedural History

Plaintiff applied for a period of disability and disability insurance benefits, alleging an onset date of August 15, 2019. (Tr. 115, 337-338).[2] The Social Security Administration denied his application. (Tr. 169-78; 181-96). Plaintiff requested a hearing before an Administrative Law Judge (ALJ), which was held on February 23, 2022. (Tr. 64-99). The ALJ issued a partially favorable decision. (Tr. 134-52).

Plaintiff asked the Appeals Council to review the ALJ's partially favorable decision. (Tr. 292). The Appeals Council vacated the ALJ's partially favorable decision and remanded the case to the ALJ for further proceedings. (Tr. 159-63). The ALJ held a new hearing on January 5, 2023. (Tr. 35-63). At the new hearing, Plaintiff amended his alleged onset date from August 15, 2019, to November 30, 2021. (Tr. 11).

On January 31, 2024, the ALJ issued a new decision. This time, the ALJ found that Plaintiff was not disabled. (Tr. 10-20). The Appeals Council denied Plaintiff's request for review of the ALJ's new decision. (Tr. 1-6). Thus, the ALJ's January 31, 2024 decision stands as the final decision of the Commissioner. Plaintiff has timely requested judicial review under 42 U.S.C. § 405(g).

## II. The Social Security Administration's Sequential Evaluation Process

The Social Security Administration uses a five-step sequential process to determine whether a claimant is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner must determine whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(1). If so, the claimant is not disabled. *Id.* § 404.1520(b). Second, if the claimant is not engaged in substantial gainful activity, then the Commissioner will determine the severity of the claimant's impairments. *Id.* § 404.1520(a)(4)(ii). To be disabled, a claimant must have a "severe impairment," which is an impairment that "significantly limits [a claimant's] physical or mental ability to do basic work activities." *Id.* § 404.1520(c).

Third, the Commissioner evaluates whether the claimant's severe impairment or combination of impairments meets or equals an impairment listed in Appendix 1 to subpart P of Part 404 of the

---

[2] Citations to the administrative record filed by the Commissioner are designated as "Tr." The page numbers cited are those found on the bottom right corner of each page of the transcript, rather than the numbers that were assigned by the Court's electronic docketing system.

3

regulations (the "Listings"). *Id.* § 404.1520(a)(4)(iii). Fourth, the Commissioner determines whether the claimant's residual functional capacity permits performance of his or her past relevant work. *Id.* § 404.1520(a)(4)(iv). Fifth and finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work in the national economy. *Id.* § 404.1520(a)(4)(v).

The claimant bears the burden of proof at the first four steps. *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1278 (11th Cir. 2020). If the claimant establishes the first four steps, then the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy that the claimant can perform. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1321 (11th Cir. 2021). If the Commissioner carries this burden, then the claimant must prove that he cannot perform the work identified by the Commissioner. *Goode*, 966 F.3d at 1279.

### III. The ALJ's Decision

Here, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Tr. 13, Finding 2). At step

two, the ALJ found that Plaintiff suffered from the following severe impairments: Hill-Sachs deformity of the left upper extremity, degenerative joint disease of the left shoulder with left rotator cuff tendinopathy and partial tendon tear, recurrent left tennis elbow, degenerative disc disease of the cervical and lumbar spine, bilateral carpal tunnel syndrome, and ulnar entrapment neuropathy across the left elbow and bilateral wrists. (Tr. 13, Finding 3). The ALJ also found that Plaintiff had non-severe medical impairments of obesity and hypertension. (*Id.*). The ALJ further found that Plaintiff's allegations of a mental impairment were "not medically determinable," and "the medical record does not provide for any mental health diagnoses." (Tr. 14).

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14, Finding 4). Proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity to perform light work, except:

> He can occasionally push, pull, lift, and carry twenty pounds, but can only lift ten pounds overhead. He can never climb

5

> ladders. He can frequently stoop, kneel, crouch, and crawl. He can occasionally reach overhead with the left upper extremity. He can frequently reach in all other directions with the bilateral upper extremities. He can frequently handle and finger with the bilateral upper extremities. He can tolerate occasional exposure to unprotected heights.

(Tr. 15, Finding 5). At step five, the ALJ concluded there were jobs in significant numbers in the national economy that Plaintiff could perform. (Tr. 19, Finding 10). Based on these findings, the ALJ concluded that Plaintiff was not disabled. (Tr. 20, Finding 11).

## IV.  Discussion

Plaintiff argues, *inter alia*, that this matter should be remanded because the ALJ failed to fully develop the record and adequately consider the side effects of Plaintiffs medications. (Doc. 10 at 5-20). The Court agrees.[3]

---

[3] Although Plaintiff has made other arguments, it is unnecessary to address them because remand is warranted on Plaintiff's argument regarding the failure to consider medication side effects. *See Demenech v. Sec'y of Dep't of Health & Hum. Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (finding it unnecessary to address remaining issues because remanding on one issue); *see also Tammy C. v. Comm'r of Soc. Sec.*, No. 3:20-cv-00074, 2021 WL 9666636, at *13 n. 26 (N.D. Ga. Sept. 30, 2021) (stating that "since remand is required for further proceedings that could impact the ALJ's assessment of the other issues raised . . . the Court need not address the remaining issues").

It is well settled that "[b]ecause a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). That obligation "exists even if the claimant is represented by counsel." *Id.* The Eleventh Circuit has "said that the side effects of medications could render a claimant disabled or contribute to [] disability, and the ALJ has a duty to investigate these side effects." *Brown v. Comm'r of Soc. Sec.*, 680 F. App'x 822, 826 (11th Cir. 2017); *see also McDevitt v. Comm'r of Soc. Sec.*, 241 F. App'x 615, 619 (11th Cir. 2007) ("We have stated that an ALJ has a duty to investigate the possible side effects of medications taken by a claimant."). Thus, an ALJ fails to satisfy her obligation to develop the record fully if she "neither elict[s] testimony nor ma[kes] any findings regarding the effect of [the claimant's] prescribed medications upon [the claimant's] ability to work." *Cowart*, 662 F.2d at 735 (reversing and remanding in part because the ALJ failed to discuss the side effects of the claimant's medications, and "[i]t is conceivable that the side effects of medication could render a claimant disabled or at least contribute to a disability").

7

Based on the foregoing, numerous courts have held that remand is appropriate when the record shows a claimant has complained of medication side effects but the ALJ's decision did not discuss the side effects in determining the claimant's ability to work. *See, e.g.*, *McDevitt*, 241 F. App'x at 619 (remanding because the ALJ failed to discuss the claimant's testimony that his medication caused him extreme lack of concentration and made him sleepy); *Bigelow v. Astrue*, No. CV 307-066, 2009 WL 464084, at *3-4 (S.D. Ga. Feb. 24, 2009) (remanding because the ALJ "did not discuss, let alone fully develop the record" concerning the claimant's medication side effects despite evidence in the record that claimant was on a variety of medications and testified that the medication side effects impacted her ability to work); *Harris v. Astrue*, No. 2:09-cv-00765, 2010 WL 3583047, at *6-7 (M.D. Ala. Sept. 7, 2010) (remanding because the ALJ should have made a "finding regarding the alleged side effects of prescription medications on [the claimant's] ability to work and the absence of a finding does not permit the court to determine whether the ALJ's decision is supported by substantial evidence"); *Tolbert v. Berryhill*, No. 5:18-cv-849, 2019 WL 3817641, at *4

(N.D. Ala. Aug. 14, 2019) (remanding because the ALJ failed to discuss the claimant's medication side effects).

In the current case, Plaintiff's medical records show that he was prescribed a variety of different medications for various ailments. (*See, e.g.*, Tr. 509, 521, 776). At the hearing, Plaintiff testified regarding the side effects of his medications. More specifically, he said that the medications made it difficult for him to concentrate and focus. (Tr. 50). He stated that the medications contributed to him making mistakes at work, and he testified that the medications affected his ability to sleep. (Tr. 50-51). And when Plaintiff's counsel questioned the Vocational Expert, he inquired about how an individual's inability to concentrate could impact his ability to work. (Tr. 61).

Despite Plaintiff's testimony regarding the side effects of his medication (namely their negative impact on his ability to concentrate and focus), the ALJ's decision contains no discussion of those side effects. While the ALJ was not required to accept Plaintiff's testimony regarding the medication side effects, the ALJ cannot ignore the medication side effects entirely. Here, as in *Cowart* and the other cases cited above, the ALJ failed to fully develop the record because she made no findings

"regarding the effect of [Plaintiff's] prescribed medications upon [his] ability to work." *Cowart*, 662 F.2d at 737.[4]  To be clear, the Court is making no determination regarding whether Plaintiff's medication side effects impact his ability to work.  Instead, the Court "simply concludes that the record needs to be developed further concerning the effects that Plaintiff's medication has on [him]" and his ability to work.  *Bigelow*, 2009 WL 464084, at *4.  Accordingly, this matter will be remanded.

## V.  Conclusion

For the reasons above, the Commissioner's decision is **REVERSED**.  This matter is **REMANDED** to the Commissioner for further proceedings consistent with this opinion under sentence four of 42 U.S.C. § 405(g).  The Clerk of Court is directed to close this case file.

**DONE AND ORDERED** this 5th day of September 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

---

[4] The current case is distinguishable from *Walker v. Comm'r of Soc. Sec.*, 404 F. App'x 362 (11th Cir. 2010), on which Defendant relies.  In *Walker*, the ALJ's decision discussed the claimant's testimony regarding the medication side effects and concluded that the hallucinations that the claimant attributed to her medication "were not disabling because they lasted only one or two minutes and [the claimant] had learned to ignore them." *Id.* at 366-67.  Here, in contrast, the ALJ's decision contains no discussion of the medication side effects of which Plaintiff complained.